# Exhibit 17

May 27, 2025

The Honorable Senator Gray, Chair, Senate Finance
LOB 205-207
107 North Main Street
Concord, NH 03301

Re: Opposition to HB 2 Amendment

Dear Chairman:

We are writing to express our concern with, and ask you to remove, the amendment to HB-2, Sections 451 and 452, including RSA 21-I:113 and 186:72: "**Prohibition on Diversity, Equity, and Inclusion Initiatives.** No public entity shall implement, promote, or otherwise engage in any DEI-related initiative programs, training, or policies." and "**Prohibition on DEI Initiatives**. No public school shall implement, promote, or otherwise engage in any DEI-related initiatives, programs, training, or policies. No state funds shall be expended to public schools for DEI-related activities, including but not limited to implicit bias training, DEI assessments, critical race theory, or race-based hiring, promotion, or contracting preferences."

This bill has ambiguous language that will likely cause *confusion and lead to harm for many Granite Staters,* including those served by organizations represented below. Collectively, groups included here serve hundreds of thousands of Granite Staters and Granite State businesses and share broad-ranging concerns with the bill that include:

- Risks harm to many groups, including *older adults, people with disabilities, rural communities, and Veterans*
- Limits economic growth when *workplaces cannot attract and retain workers* because they and/or their families do not feel that they belong in our state
- Does not allow the kind of *tailored solutions* that NH needs to meet different needs
- Causes significant administrative burden to already taxed *state and local agencies*
- Threatens voter-approved programs at the local level, such as property *tax relief* for veterans and low-income elderly residents, by imposing restrictions to *municipalitie*s

In addition to these impacts to Granite Staters, this bill will likely result in legal action against state agencies and/or municipalities, because compliance would conflict with myriad existing federal and state laws. The breadth of activities that would be considered "DEI" is so vastly over-expansive that compliance with these provisions could lead to deprivation of Granite Staters' fundamental rights and put agencies, cities, towns and school districts at risk of litigation. Concerns include conflicts with the Individuals with Disabilities Education Act (IDEA), Americans with Disabilities Act, (ADA), Section 504 of the Rehabilitation Act of 1973, Title VI of the Civil Rights Act of 1964, New Hampshire's Laws Against Discrimination (RSA 354-A), and various programs enacted through state and local legislation.

It is also important to note that there was no public hearing on this measure. Therefore, there has been insufficient opportunity for local government officials, businesses, or members of the public to comment on the potential impact of this provision to their operations and communities, despite the bill resulting in burden and administrative expenses for state agencies, cities, towns, and public schools.

A prohibition of this type is wrong for New Hampshire. One-size-fits-all approaches are contrary to the practical solutions required for communities and the state to meet a wide array of needs; in many instances, these approaches also violate federal and state laws. Thoughtful programs exist for good reason. Again, prohibiting the creation of programs and initiatives tailored to different communities based on their specific needs does not make sense for the Granite State.

Thank you for your time and consideration of this matter.

Respectfully,

*ABLE New Hampshire*

*ACLU NH*

*Ascentria Care Alliance*

*Black Heritage Trail New Hampshire*

*BLM NH*

*Engage NH*

*Moms Rising*

*NAMI New Hampshire*

*New Futures*

*New Hampshire Alliance for Healthy Aging*

*New Hampshire Businesses for Social Responsibility*

*New Hampshire Center for Justice and Equity*

*NH Hunger Solutions*

*New Hampshire Municipal Association*

*Strategies for Disability Equity*