UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

National Education Association-
New Hampshire, et al.

      v.                                              Civil No. 25-cv-293-LM
                                                 Opinion No. 2025 DNH 105 P

NH Attorney General, et al.

## ORDER ISSUING TEMPORARY RESTRAINING ORDER

Several plaintiffs[1] bring this action against various New Hampshire officials seeking to enjoin enforcement of recently enacted laws that prohibit activities involving "diversity, equity, and inclusion," or "DEI," in schools and public entities. Although the new laws require schools to submit a report identifying their contracts "containing DEI-related provisions" by September 30, RSA 186:75, II, the department of education is insisting that K-12 schools certify by September 5 whether they have (1) engaged in DEI-related activities, (2) used state funds for DEI-related activities, or (3) have any contracts containing DEI-related provisions. See doc. no. 15-2 at 8-11. The penalties for a public school's noncompliance with the newly enacted "anti-DEI" laws—including RSA 186:75's reporting requirement—are massive: immediate termination of "all sources of public funding." RSA 187:77, I.

---

[1] The plaintiffs are: National Education Association-New Hampshire ("NEA-NH"); Oyster River Cooperative School District; Dover School District; Somersworth School District; Grantham School District; Dr. Dottie Morris; James T. McKim, Jr.; and New Hampshire Outright.

These penalties are mandatory and apply regardless of whether the school violated the anti-DEI laws "knowingly or unknowingly." Id.

Presently before the court is plaintiffs' motion for a preliminary injunction seeking to enjoin the application of the anti-DEI laws in their entirety. Doc. no. 14. The court held a status hearing on plaintiffs' motion on August 14. At that hearing, the court queried defendants as to the department of education's legal authority to impose an earlier reporting deadline for K-12 schools (September 5) than is set forth in the statute (September 30). Defendants represented they could not identify any legal authority permitting the department of education to insist that K-12 schools submit certifications of compliance in advance of September 30. Defendants also represented that they could identify no authority that would permit the department of education to terminate funding or otherwise sanction a K-12 school for failing to submit a certification by September 5. Nevertheless, defendants failed to provide any assurances as to whether they would seek penalties against K-12 schools that fail to complete their certifications by September 5.

In their preliminary injunction motion, plaintiffs request that, if the court is unable to issue an order granting or denying a preliminary injunction before September 5, the court issue a temporary restraining order ("TRO") temporarily enjoining the anti-DEI laws until such time that a decision on the preliminary injunction can be issued.

A TRO "is a provisional remedy imposed to maintain the status quo until a full review of the facts and legal arguments is available." Ginzburg v. Martínez-

Dávila, 368 F. Supp. 3d 343, 347 (D.P.R. 2019) (quoting Pro-Choice Network v. Schenck, 67 F.3d 377, 388-89 (2d Cir. 1995)). Despite its temporary nature, a TRO "is nevertheless an extraordinary remedy which must be granted 'sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.'" Tirrell v. Edelblut, 747 F. Supp. 3d 310, 313 (D.N.H. 2024) (quoting Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs, 453 F. Supp. 2d 333, 338 (D.N.H. 2006)). In determining whether to grant a TRO, the court considers the same four factors applicable to preliminary injunction motions: the movant's likelihood of success on the merits; the likelihood of irreparable harm in the absence of provisional relief; the balance of the equities; and whether injunctive relief is in the public interest. Karlsen v. Town of Hebron, Civ. No. 18-cv-794-LM, 2018 WL 11273651, at *1 (D.N.H. Sept. 28, 2018).

At this provisional stage—and especially in light of (1) the impending September 5 certification deadline for K-12 schools that the department of education continues to insist upon, (2) the complete lack of any authority known to the court or the parties that would permit the department to insist on that deadline, and (3) the crippling penalties facing schools for even "unknowing" noncompliance with the anti-DEI laws—the court finds that all of these factors weigh in favor of a TRO pending a decision on plaintiffs' preliminary injunction motion.[2]

Accordingly, it is hereby ORDERED that:

---

[2] This includes a finding that plaintiffs have standing to seek a TRO.

3

1. For purposes of the relief ordered by this TRO, the term "covered public school" means any school, academic institution, or institution of higher education in this state supported by public funds, RSA 186:71, II, that also: (a) employs, contracts with, or works with one or more plaintiffs or one or more of plaintiff's members or schools; or (b) provides services to a student of a plaintiff school district under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, or the Individuals with Disabilities Education Act ("IDEA").

2. Defendants John Formella, in his official capacity as the Attorney General of the State of New Hampshire, Caitlin Davis, in her official capacity as the Commissioner of the New Hampshire Department of Education, Charlie Arlinghaus, in his official capacity as the Commissioner of the New Hampshire Department of Administrative Services, and Monica Mezzapelle, in her official capacity as the State Treasurer of New Hampshire, and their agents, employees, representatives, successors, and any other person acting directly or indirectly in concert with them, are enjoined from enforcing RSA 187:77 against any covered public school for noncompliance with RSA 186:72, RSA 186:73, RSA 186:75, or any requirement or deadline set forth in the department of education's July 11, 2025 letter to K-12 schools (doc. no. 15-2 at 6-7) or the certified report form attached to that letter (doc. no. 15-2 at 8-12).

3. This TRO shall take effect immediately and shall automatically dissolve at 11:59 p.m. on September 18, 2025, unless extended for a like period prior to its dissolution.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 4, 2025

cc:   Counsel of Record