# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATIONAL EDUCATION ASSOCIATION-NEW HAMPSHIRE; OYSTER RIVER COOPERATIVE SCHOOL DISTRICT; DOVER SCHOOL DISTRICT; SOMERSWORTH SCHOOL DISTRICT; GRANTHAM SCHOOL DISTRICT; DOTTIE MORRIS; JAMES T. MCKIM, JR.; and NEW HAMPSHIRE OUTRIGHT, <br><br>                      Plaintiffs, <br>v. <br><br>JOHN M. FORMELLA, in his official capacity only as the Attorney General of the State of New Hampshire; <br><br>CAITLIN DAVIS, in her official capacity only as the Commissioner of the New Hampshire Department of Education; <br><br>CHARLIE ARLINGHAUS, in his official capacity only as the Commissioner of the New Hampshire Department of Administrative Services; and <br><br>MONICA MEZZAPELLE, in her official capacity only as the State Treasurer of New Hampshire, <br><br>                      Defendants. | Case No.: 1:25-cv-293-LM |

**PARTIES' JOINT STIPULATION REGARDING BRIEFING SCHEDULE ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR PAGE LIMIT EXTENSIONS**
**-- AND --**
**PROPOSED DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**I.     JOINT STIPULATION REGARDING BRIEFING SCHEDULE ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR PAGE LIMIT EXTENSIONS.**

The parties hereby submit this joint stipulation regarding a briefing schedule for Plaintiffs' Motion for Summary Judgment and Defendants' Objection/Cross Motion for Summary Judgment in this case. Given that a preliminary injunction is in place and a record has already been developed at the preliminary injunction stage of this case, the parties believe that discovery is not necessary and that this case can be resolved through cross motions for summary judgment based on the record already produced to the Court in this case.

As the parties are jointly seeking extensions of the page limits set forth in Local Rules 7.1(a)(3) and 7.1(e)(1), the parties also are seeking leave to file such briefs at the agreed-upon length listed below.

The parties have agreed to the following page limits and briefing schedule, which builds time for briefing in the event the legislature makes any alterations to the challenged law(s), including through House Bill 1788[1]:

- Plaintiffs' Motion for Summary Judgment: **Friday, May 22, 2026** (60 pages)

- Defendants' Combined Opposition/Cross Motion for Summary Judgment: **Monday, July 6, 2026** (60 pages)

- Plaintiffs' Opposition/Reply: **Thursday, August 20, 2026** (25 pages)

- Defendants' Reply: **Monday, October 5, 2026** (25 pages)

---

[1] In the event the legislature alters the challenged law(s), the parties reserve their rights to ask this Court to change the proposed plan for how this case may ultimately be disposed of.

## II. PROPOSED DISCOVERY PLAN

As explained above, the parties do not believe that discovery is necessary in this case and that this case can be resolved through cross motions for summary judgment. To the extent a discovery plan is required, the parties submit the following:

**DATE/PLACE OF CONFERENCE:**

January 28, 2026 and March 2, 2026, by electronic mail and telephone conference.

**COUNSEL PRESENT/REPRESENTING:**

**For All Plaintiffs:**

Gilles R. Bissonnette
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
(603) 224-5591
gilles@aclu-nh.org

Zoe Brennan-Krohn
Malhar Shah
Disability Rights Program
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street
San Francisco, CA 94104
(415) 343-0769
zbrennan-krohn@aclu.org
mshah@aclu.org

Alexis Alvarez
Racial Justice Program
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7882
alexisa@aclu.org

Hannah Hussey
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA  02108
(617) 426-1350
hhussey@gladlaw.com

**For NEA-NH**:

Callan E. Sullivan
Lauren Snow Chadwick
NATIONAL EDUCATION ASSOCIATION-NEW HAMPSHIRE
9 South Spring Street
Concord, NH 03301
(603) 224-7751
csullivan@nhnea.org
lchadwick@nhnea.org

**For the Oyster River Cooperative School District, the Dover School District, the Somersworth School District, and the Grantham School District:**

James A. O'Shaughnessy
Meghan S. Glynn
DRUMMOND WOODSUM & MACMAHON
670 N. Commercial Street, Suite 207
Manchester, NH 03101
(603) 792-7414
joshaughnessy@dwmlaw.com
mglynn@dwmlaw.com

**For All Defendants:**

Shawna Bentley
Assistant Attorney General
Sam M. Gonyea
Assistant Attorney General
Civil Bureau
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-6836
shawna.bentley@doj.nh.gov
sam.m.gonyea@doj.nh.gov

**CASE SUMMARY**

**THEORY OF LIABILITY:**

Plaintiffs allege that RSA 21-I:112–16 and RSA 186:71–77 enacted in House Bill 2 (hereinafter referred to as "HB2") purporting to prohibit the implementation or "promot[ion]" of, or engagement in, "initiatives, programs, training, or policies" in public entities and "public schools" that are "related" to "diversity, equity, or inclusion" (or "DEI") (i) violate the Fourteenth Amendment on the ground that they are impermissibly vague (Count One), (ii) violate the First Amendment insofar as they prohibit protected speech in higher education (Count Two), (iii) violate the Supremacy Clause because they conflict with the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (Count Three), (iv) violate the Due Process provisions of Part I, Article 15 of the New Hampshire Constitution on the ground that they are impermissibly vague (Count Four), and (v) violate the Part I, Article 22 insofar as they prohibit speech in higher education (Count Five).

**THEORY OF DEFENSE:**

Defendants maintain that some of the Plaintiffs do not have standing to bring this action. Beyond that, RSA 21-I:112-16 and RSA 186:71-77 are not facially unconstitutional because they are not unconstitutional in all or substantially all of their applications. More specifically, the statutes are not vague in violation of the Fourteenth Amendment or Part I, Article 15 of the New Hampshire Constitution; they do not violate the First Amendment or Part I, Article 22 of the New Hampshire Constitution to extent that they impact speech in higher education; and they do not conflict with the Americans with Disabilities Act; Section 504 of the Rehabilitation Act; or the Individuals with Disabilities Education Act.

**DAMAGES:**

None are sought in this case.

**DEMAND**:

N/A

**OFFER**:

N/A

**JURISDICTIONAL QUESTIONS**:

Defendants incorporate by reference the standing issues noted in their Theory of Defense as set forth herein.

**QUESTIONS OF LAW**:

1. Whether the provisions in HB2 located at RSA 21-I:112–16 and RSA 186:71–77 violate the Fourteenth Amendment's Due Process protections on the ground that the statutory language is impermissibly vague. (Count One).

2. Whether the provisions in HB2 located at RSA 21-I:112–16 and RSA 186:71–77 violate the First Amendment insofar as they prohibit protected speech in higher education. (Count Two).

3. Whether the provisions in HB2 located at RSA 21-I:112–16 and RSA 186:71–77 violate the Supremacy Clause to the extent they conflict with the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. (Count Three).

4. Whether the provisions in HB2 located at RSA 21-I:112–16 and RSA 186:71–77 violate the due process protections in Part I, Article 15 of the New Hampshire Constitution on the ground that the statutory language is vague. (Count Four).

5. Whether the provisions in HB2 located at RSA 21-I:112–16 and RSA 186:71–77 violate Part I, Article 22 of the New Hampshire Constitution on the ground that they prohibit protected speech in higher education. (Count Five).

**TYPE OF TRIAL**:

As explained above, the parties believe that disputes of material fact are unlikely and, therefore, this case can be resolved through cross-motions for summary judgment. To the extent any trial is necessary, such a trial would be a bench trial.

## **SCHEDULE**

**TRACK ASSIGNMENT**:

N/A -- As explained above, the parties do not believe that discovery is necessary in this case. The parties believe that disputes of material fact are unlikely and, therefore, this case can be resolved through cross-motions for summary judgment.

**TRIAL DATE:**

N/A for the reasons explained above.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

N/A for the reasons explained above.

**AMENDMENT OF PLEADINGS, IF NECESSARY:**

N/A for the reasons explained above.

**JOINDER OF ADDITIONAL PARTIES, IF NECESSARY:**

N/A for the reasons explained above.

**THIRD-PARTY ACTIONS, IF NECESSARY:**

N/A for the reasons explained above.

**MOTIONS TO DISMISS:**

N/A for the reasons explained above.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

N/A for the reasons explained above.

**COMPLETION OF DISCOVERY:**

N/A for the reasons explained above.

**CROSS-MOTIONS FOR SUMMARY JUDGMENT:** *(no later than 120 days prior to trial date)*

- Plaintiffs' Motion for Summary Judgment: **Friday, May 22, 2026** (60 pages)

- Defendants' Combined Opposition/Cross Motion for Summary Judgment: **Monday, July 6, 2026** (60 pages)

- Plaintiffs' Opposition/Reply: **Thursday, August 20, 2026** (25 pages)

- Defendants' Reply: **Monday, October 5, 2026** (25 pages)

**CHALLENGES TO EXPERT TESTIMONY:** *(no later than 45 days prior to trial date)*

N/A for the reasons explained above.

## DISCOVERY

**DISCOVERY NEEDED:**

N/A for the reasons explained above.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

Given that the parties believe that this case can be resolved through cross motions for summary judgment without the need for discovery, the parties stipulate that mandatory disclosures are not required in this case.

**INTERROGATORIES:**

N/A for the reasons explained above.

**REQUESTS FOR ADMISSION:**

N/A for the reasons explained above.

**REQUESTS FOR PRODUCTION:**

N/A for the reasons explained above.

**DEPOSITIONS:**

N/A for the reasons explained above.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

N/A for the reasons explained above.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

N/A for the reasons explained above.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

This case is unlikely to be settled.

**JOINT STATEMENT RE MEDIATION:**

The parties do not believe that mediation would resolve this case.

**TRIAL ESTIMATE:**

N/A for the reasons explained above.

**WITNESSES AND EXHIBITS:**

N/A for the reasons explained above.

**PRELIMINARY PRETRIAL CONFERENCE:**

N/A for the reasons explained above.

**OTHER MATTERS:**

None known at this time.  The parties reserve the right to submit issues for the Court's consideration under Fed. R. Civ. P. 26(c) or 16(b) and (c) if and when they arise.

WHEREFORE, the parties respectfully request that this Court:

a) Enter this stipulation to a four-brief schedule in which Plaintiffs file on May 22, 2025, Defendants on July 6, 2025, Plaintiffs on August 20, 2026, and Defendants on October 5, 2026;

b) Grant this motion to extend page limits with respect to the summary judgment briefs that are scheduled above; and

c) Grant such other and further relief as this Court deems just and proper in the circumstances.

Dated: March 3, 2026

Zoe Brennan-Krohn*
Malhar Shah*
Disability Rights Program
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street
San Francisco, CA 94104
(415) 343-0769
zbrennan-krohn@aclu.org
mshah@aclu.org

Sarah Hinger*
Alexis Alvarez*
Racial Justice Program
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7882
shinger@aclu.org
alexisa@aclu.org

Chris Erchull (N.H. Bar No. 266733)
Hannah Hussey*
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA  02108
(617) 426-1350
cerchull@gladlaw.org
hhussey@gladlaw.com

Respectfully submitted,

/s/ Gilles R. Bissonnette
Gilles R. Bissonnette (N.H. Bar No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
(603) 224-5591
gilles@aclu-nh.org
henry@aclu-nh.org

Callan E. Sullivan[ᵀ] (N.H. Bar No. 20799)
Lauren Snow Chadwick[ᵀ] (N.H. Bar No. 20288)
NATIONAL EDUCATION ASSOCIATION-NEW HAMPSHIRE
9 South Spring Street
Concord, NH 03301
(603) 224-7751
csullivan@nhnea.org
lchadwick@nhnea.org

James A. O'Shaughnessy[+] (N.H. Bar No. 19719)
Meghan S. Glynn[+] (N.H. Bar No. 21168)
DRUMMOND WOODSUM & MACMAHON
670 N. Commercial Street, Suite 207
Manchester, NH 03101
(603) 792-7414
joshaughnessy@dwmlaw.com
mglynn@dwmlaw.com

* admitted *pro hac vice*
[ᵀ] appearing only on behalf of NEA-NH
[+] appearing only on behalf of the Oyster River Cooperative School District, the Dover School District, the Somersworth School District, and the Grantham School District

John M. Formella, New Hampshire Attorney General; Caitlin Davis, Commissioner of New Hampshire Department of Education; Charlie Arlinghaus, Commissioner of New Hampshire Department of Administrative Services; and Monica Mezzapelle, State Treasurer of New Hampshire

By their attorneys,

THE OFFICE OF THE ATTORNEY GENERAL

*/s/ Shawna Bentley*
Shawna Bentley (N.H. Bar No. 270149)
Assistant Attorney General
Sam M. Gonyea (N.H. Bar No. 273264)
Assistant Attorney General
Civil Bureau
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-6836
shawna.bentley@doj.nh.gov
sam.m.gonyea@doj.nh.gov