**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

NATIONAL EDUCATION
ASSOCIATION-NEW HAMPSHIRE;
OYSTER RIVER COOPERATIVE
SCHOOL DISTRICT; DOVER SCHOOL
DISTRICT; SOMERSWORTH SCHOOL
DISTRICT; GRANTHAM SCHOOL
DISTRICT; DOTTIE MORRIS; JAMES
T. MCKIM, JR.; and NEW HAMPSHIRE
OUTRIGHT,

               Plaintiffs,

    v.


JOHN M. FORMELLA, in his official
capacity only as the Attorney General of
the State of New Hampshire;

CAITLIN DAVIS, in her official capacity
only as the Commissioner of the New
Hampshire Department of Education;

CHARLIE ARLINGHAUS, in his official
capacity only as the Commissioner of the
New Hampshire Department of
Administrative Services; and

MONICA MEZZAPELLE, in her official
capacity only as the State Treasurer of
New Hampshire,

               Defendants.

Case No.: 1:25-cv-293-LM

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION**

Pursuant to Federal Rules of Civil Procedure 56 and Local Rule 56.1—and for the reasons

stated in the accompanying memorandum, declarations, and all pleadings filed—Plaintiffs

National Education Association-New Hampshire, the Oyster River Cooperative School District,

the Dover School District, the Somersworth School District, the Grantham School District, Dr. Dottie Morris, James T. McKim, Jr., and New Hampshire Outright (collectively, "Plaintiffs") respectfully move this Court for summary judgment as to Counts I, II, and III in Plaintiffs' Complaint for Declaratory and Injunctive Relief.  Plaintiffs also ask this Court to permanently enjoin Defendants John Formella, in his official capacity as the Attorney General of the State of New Hampshire, Caitlin Davis, in her official capacity as the Commissioner of the New Hampshire Department of Education, Charlie Arlinghaus, in his official capacity as the Commissioner of the New Hampshire Department of Administrative Services, and Monica Mezzapelle, in her official capacity as the State Treasurer of New Hampshire—and their agents, employees, representatives, successors, and any other person acting directly or indirectly in concert with them—from enforcing or implementing RSA 21-I:112 through RSA 21-I:116 and RSA 186:71 through RSA 186:77, and their reporting and certification requirements, against Plaintiffs and any "covered entity."

Effective July 1, 2025, New Hampshire enacted RSA 21-I:112–16 and RSA 186:71–77 in House Bill 2 ("HB2") purporting to prohibit the implementation or "promot[ion]" of, or engagement in, "initiatives, programs, training, or policies" in public entities and "public schools" that are "related" to "diversity, equity, or inclusion" (or "DEI").  *See* RSA 21-I:112–14; RSA 186:71–73.  A "public school" is broadly defined as "any school, academic institution, or institution of higher education in this state supported by public funds."  *See* RSA 186:71, II. "DEI" is defined as "any program, policy, training, or initiative that classifies individuals based on a characteristic identified under RSA 354-A:1"—namely, age, sex, gender identity, sexual orientation, race, creed, color, marital status, familial status, mental or physical disability, or national origin—"for the purpose of achieving demographic outcomes, rather than treating individuals equally under the law."  *See* RSA 21-I:112, II; RSA 186:71, I.  "Classif[ying]" and

2

"achieving demographic outcomes" are undefined under HB2.  The law does not define how "related" to "DEI" a program must be before it becomes unlawful.  HB2 also seeks to categorically ban "implicit bias training," "critical race theory," and "DEI assessments," each of which is undefined, leaving educators and public employees to guess what is covered.  The law does not provide any provision authorizing state agencies to interpret its terms through rulemaking.

Here, Plaintiffs seek a final order consistent with this Court's preliminary injunction order issued on October 2, 2025, as the arguments here largely mirror the arguments made at the preliminary injunction stage of this case.  *See Nat'l Educ. Ass'n-New Hampshire v. NH AG*, 806 F. Supp. 3d 166 (D.N.H. 2025) (issuing preliminary injunction) (ECF No. 40).  As with other prior state and federal efforts to ban "DEI" that have been found to be constitutionally defective, HB2 is unconstitutional.  Plaintiffs base the relief sought here on Counts I (Fourteenth Amendment Due Process/Vagueness), II (First Amendment), and III (Pre-emption) of their Complaint for Declaratory and Injunctive Relief.[1]  Plaintiffs have filed an accompanying memorandum of law supporting this Motion.

WHEREFORE, Plaintiffs ask that this Court issue an order:

A. Granting Plaintiff's Motion for Summary Judgment and Permanent Injunction;

B. Entering judgment in Plaintiffs' favor as to Counts I (Fourteenth Amendment Due Process/Vagueness), II (First Amendment), and III (Pre-emption) of their Complaint for Declaratory and Injunctive Relief;

---

[1] To ensure that they are preserved, Plaintiffs have brought claims under Part I, Article 15 and Part I, Article 22 of the New Hampshire Constitution (Counts IV and V), but are not seeking summary judgment as to these claims.  Plaintiffs defer to this Court as to whether they should be dismissed without prejudice to refiling in state court, as Plaintiffs recognize the doctrine set forth in *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), as well as this Court's discretion to "decline[] to exercise supplemental jurisdiction and dismiss[]" these claims "without prejudice to refiling in state court."  *See Cushing v. Packard*, 691 F. Supp. 3d 379, 390 (D.N.H. 2023); *see also Ramos-Echevarria v. Pi chis, Inc.*, 659 F.3d 182, 191 (1st Cir. 2011).

C.  Entering a permanent injunction as follows;

    1.    For purposes of the relief ordered by this order, the term "covered entity" means:

        a.  Any "public entity" within the meaning of RSA 21-I:113 or other entity that meets the definition of "public school" in RSA 186:71, II, "agency" in RSA 21-I:112, I, or "political subdivision" in RSA 21-I:112, III;

        b.  That:

            i.  Employs, contracts with, or works with one or more plaintiffs or one or more of plaintiffs' members or schools; or

            ii.  Provides services to a student of a plaintiff school district under the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, or the Individuals with Disabilities Act ("IDEA").

    2.  Defendants John Formella, in his official capacity as the Attorney General of the State of New Hampshire, Caitlin Davis, in her official capacity as the Commissioner of the New Hampshire Department of Education, Charlie Arlinghaus, in his official capacity as the Commissioner of the New Hampshire Department of Administrative Services, and Monica Mezzapelle, in her official capacity as the State Treasurer of New Hampshire, and their agents, employees, representatives, successors, and any other person acting directly or indirectly in concert with them, are enjoined from enforcing or implementing RSA 21-I:112 through RSA 21-I:116 and RSA 186:71 through RSA 186:77, and their reporting and certification requirements, against Plaintiffs National Education Association-New Hampshire and its members, Oyster River Cooperative School District, Dover School District, Somersworth School District, Grantham School District, Dr. Dottie Morris, James T. McKim, Jr., New Hampshire Outright, and any covered entity.

    3.  This permanent injunction shall take effect immediately.

    4.  The preliminary injunction issued on October 2, 2025 (ECF No. 40) is hereby dissolved.

D.  Granting such other and further relief that the Court deems just and equitable.

4

Dated: May 20, 2026

Respectfully submitted,

*/s/ Gilles R. Bissonnette*

Zoe Brennan-Krohn*
Malhar Shah*
Disability Rights Program
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street
San Francisco, CA 94104
(415) 343-0769
zbrennan-krohn@aclu.org
mshah@aclu.org

Gilles R. Bissonnette (N.H. Bar No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
Maria D. Savarese (N.H. Bar. No. 273285)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NEW HAMPSHIRE
18 Low Avenue
Concord, NH 03301
(603) 224-5591
gilles@aclu-nh.org
henry@aclu-nh.org
maria@aclu-nh.org

Sarah Hinger*
Alexis Alvarez*
Racial Justice Program
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7882
shinger@aclu.org
alexisa@aclu.org

Callan E. Sullivan[T] (N.H. Bar No. 20799)
Lauren Snow Chadwick[T] (N.H. Bar No. 20288)
NATIONAL EDUCATION ASSOCIATION-NEW HAMPSHIRE
9 South Spring Street
Concord, NH 03301
(603) 224-7751
csullivan@nhnea.org
lchadwick@nhnea.org

Chris Erchull (N.H. Bar No. 266733)
Hannah Hussey*
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont, Suite 950
Boston, MA  02108
(617) 426-1350
cerchull@gladlaw.org
hhussey@gladlaw.com

James A. O'Shaughnessy[+] (N.H. Bar No. 19719)
Meghan S. Glynn[+] (N.H. Bar No. 21168)
DRUMMOND WOODSUM & MACMAHON
670 N. Commercial Street, Suite 207
Manchester, NH 03101
(603) 792-7414
joshaughnessy@dwmlaw.com
mglynn@dwmlaw.com

* admitted *pro hac vice*
[T] appearing only on behalf of NEA-NH
[+] appearing only on behalf of the Oyster River Cooperative School District, the Dover School District, the Somersworth School District, and the Grantham School District